UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONNY NORRIS,

        Petitioner,

v.                                          CASE NO. 08-11360
                                            HONORABLE NANCY G. EDMUNDS

GERALD HOFBAUER,

        Respondent.
_____/

**OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,**
**DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT, AND**
**DISMISSING HABEAS CORPUS PETITION AS TIME-BARRED**

Petitioner Tonny Norris has filed a motion for relief from his state court judgment of sentence. Because the motion seeks the writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Court has treated Petitioner's motion as a petition for the writ of habeas corpus.

Also pending before the Court are Respondent's motion for summary judgment and Petitioner's motion for default judgment. Respondent is not in default, and he has demonstrated that Petitioner's habeas corpus petition was untimely filed. Therefore, Petitioner's motion for default judgment must be denied, and Respondent's motion for summary judgment will be granted.

**I. Background**

Following a bench trial on June 8, 1998, Petitioner was found guilty of two counts of assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, and one count of possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On June 18, 1998,

the trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of four to fifteen years in prison for the assault convictions. In an appeal of right, Petitioner challenged the sufficiency of the evidence adduced at trial. The Michigan Court of Appeals affirmed his convictions, *see People v. Norris*, No. 213425 (Mich. Ct. App. Mar. 28, 2000), and on September 26, 2000, the Michigan Supreme Court denied leave to appeal. *See People v. Norris*, 463 Mich. 879; 617 N.W.2d 695 (2000) (table).

On August 17, 2007, Petitioner filed a motion for relief from judgment in the trial court. He alleged that the trial court lacked jurisdiction over him because the State failed to commence legal process against him and failed to file a complaint that complied with the statute. On January 10, 2008, the trial court denied Petitioner's motion after concluding that Petitioner's claim lacked merit and that Petitioner had not shown "good cause" under Michigan Court Rule 6.508(D)(3) for failing to raise his claim on appeal. Petitioner did not appeal the trial court's decision. He signed and dated his habeas corpus petition on February 11, 2008. The habeas petition alleges that the State failed to commence legal process against Petitioner by filing a felony complaint in accordance with state law.

Respondent argues in his motion for summary judgment that Petitioner has failed to comply with the one-year statute of limitations. Petitioner replies that his habeas petition is not time-barred because (1) a challenge to the state court's jurisdiction may be made at any time, (2) he is innocent, (3) his trial and appellate attorneys were "cause" for his failure to timely raise his claim in this Court, (4) the statute of limitations violates the Citizenship Clause of the Fourteenth Amendment to the United States Constitution, and (5) there is an absence of state corrective process.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitation period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner has not alleged that the State created an impediment to filing his habeas petition (28 U.S.C. § 2244(d)(1)(B)), and he is not asserting a new constitutional right (28 U.S.C. § 2244(d)(1)(C)), nor relying on newly discovered facts (28 U.S.C. § 2244(d)(1)(D)). Consequently, 28 U.S.C. § 2244(d)(1)(A) is the only relevant subsection here.

A conviction becomes final under subsection 2244(d)(1)(A) when the time expires for filing a petition for the writ of certiorari in the United States Supreme Court on direct review. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). "A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari." *Id.* (citing Sup. Ct. R. 13).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 26, 2000. Ninety days later was December 25, 2000, a legal holiday. Petitioner's convictions therefore became final on the following day, December 26, 2000. Fed. R. Civ. P. 6(a)(3) and (4)(A). The statute of limitations began to run on the following day, and it expired one year later on December 26, 2001. Petitioner filed his habeas petition over six years later. His habeas petition, therefore, is untimely, absent tolling.

**B. Statutory Tolling**

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)." *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). Although Petitioner filed a post-conviction motion for relief from judgment in the trial court, he did not file his motion until August of 2007. By then, the limitation period had already run, and the motion did not affect the statute of limitations. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

**C. Equitable Tolling**

In appropriate circumstances, equitable tolling applies to the one-year limitation period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

**1. The Trial Court's Jurisdiction**

Petitioner asserts several reasons for seeking equitable tolling or a delayed start for the one-year limitation period. First, he claims that a challenge to the state court's jurisdiction may be made at any time. While this may be true for purposes of filing a motion for relief from judgment in state court,[1] the factual predicate for Petitioner's jurisdictional claim "could have been discovered through the exercise of due diligence" before the limitation period expired. 28 U.S.C. § 2244(d)(1)(D). In other words, Petitioner could have discovered his jurisdictional claim long ago and raised his claim on appeal and in a habeas corpus petition filed within one year of the date that his convictions became final. Thus, the jurisdictional nature of his claim is not a basis for equitable tolling or a delayed start for the limitations period. "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

### 2. Innocence

Next, Petitioner claims that he is innocent. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence," *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005), but to prevail on a claim of actual innocence, a habeas petitioner generally has "to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which

---

[1] While a trial court generally may not grant relief to a defendant if the defendant's motion for relief from judgment alleges grounds for relief that could have been raised on appeal from the conviction and sentence, an exception exists for jurisdictional defects. Mich. Ct. R. 6.508(D)(3).

undermines the reviewing court's confidence in the outcome of the trial). Petitioner must demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of the new evidence. *House v. Bell*, 547 U.S. 518, 538 (2006).

Petitioner is not alleging that he is actually innocent of the crimes for which he was charged and convicted, and he does not purport to have new evidence in support of a claim of actual innocence. Instead, he appears to be saying that he would not have been convicted if the State had not improperly bound him over to state circuit court for trial. A claim of actual innocence that would permit review of Petitioner's claim "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

To the extent that Petitioner is claiming to be innocent of the penalty for his crimes, his claim lacks merit because the trial court had jurisdiction to try and convict him. The trial court explained in its order denying Petitioner's motion for relief from judgment that it had personal jurisdiction over Petitioner due to Petitioner's status as a resident of the State of Michigan and the fact that he committed certain crimes within the State. The trial court also had subject matter jurisdiction, for "circuit courts have original jurisdiction over all criminal cases involving felonies," *People v. Scott*, 275 Mich. App. 521, 523 n.1; 739 N.W.2d 702, 704 n.1 (2007) (citing MICH. COMP. LAWS § 600.601), and Petitioner was charged with committing three felonies. He is not entitled to equitable tolling on the basis of his claim of innocence.

### 3. Petitioner's Attorneys

Petitioner contends that his trial and appellate attorneys were "cause" for his failure to raise his claim in state court and then in a timely habeas petition in this Court. Petitioner's substantive claim lacks merit for reasons given in the previous paragraph. Therefore, his

attorneys were not ineffective for failing to raise his jurisdictional claim in the trial and appellate courts. *See Parrish v. Fulcomer* 150 F.3d 326, 328 (3rd Cir. 1998) (stating that an attorney is not ineffective for failing to raise a meritless claim). Petitioner has no constitutional right to counsel in the post-conviction context, *Lawrence v. Florida*, 549 U.S. 327, __, 127 S. Ct. 1079, 1085 (2007) (citing *Coleman v. Thompson,* 501 U.S. 722, 756-757 (1991)), and he is proceeding as his own attorney here. The Court therefore concludes that Petitioner's former attorneys are not "cause" for the untimely filing of the habeas corpus petition.

### 4. The Citizenship Clause; Absence of State Corrective Process

Petitioner argues that the statute of limitations violates the Citizenship Clause of the Fourteenth Amendment to the United States Constitution. In support of this argument, Petitioner quotes *Saenz v. Roe*, 526 U.S. 489, 507-08 (1999), where the Supreme Court stated that "the protection afforded to the citizen by the Citizenship Clause of [the Fourteenth] Amendment is a limitation on the powers of the National Government as well as the States."

The Court fails to see how *Saenz* or the Citizenship Clause has any relevance here and, contrary to what Petitioner alleges, there is not an absence of state corrective process, nor circumstances that render such process ineffective to protect his rights. Petitioner could have raised his claim on direct review of his convictions, and if he acts promptly, he can still appeal the trial court's decision on his motion for relief from judgment. The trial court denied Petitioner's motion for relief from judgment on January 10, 2008, and Petitioner has one year, or until January 10, 2009, to appeal the trial court's decision. *See* Mich. Ct. R. 6.509(A) (providing a period of twelve months in which to file an appeal from a decision on a motion for relief from judgment).

7

**III. Conclusion**

To summarize, Petitioner's convictions became final in December of 2000, and the one-year statute of limitations expired in December of 2001. Petitioner filed his habeas corpus petition in 2008. Statutory tolling under 28 U.S.C. § 2244(d)(2) does not benefit Petitioner, and equitable tolling is not appropriate because Petitioner has not shown that he pursued his claim diligently or that some extraordinary circumstance stood in the way of filing a timely habeas petition. Therefore, Petitioner's jurisdictional claim is barred from substantive review by the one-year statute of limitations. Respondent's motion for summary judgment [Dkt. 10] is **GRANTED,** and the habeas corpus petition [Dkt. 1] is **DISMISSED** with prejudice.

Petitioner's motion for default judgment [Dkt.11] is denied, because Respondent is not in default. He filed his motion for summary judgment on October 24, 2008, as required by United States Magistrate Judge R. Steven Whalen's order dated April 21, 2008 [Dkt. 7].

The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court **DECLINES** to grant leave to appeal this decision *in forma pauperis*, because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 8, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or

8

counsel of record on December 8, 2008, by electronic and/or ordinary mail.

                                   s/Carol A. Hemeyer
                                   Case Manager